**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John N. Bevell and Sean A. Bevell,<br><br>  Debtors.<br>_____<br><br>John N. Bevell and Sean A. Bevell,<br><br>  Appellants,<br><br>vs.<br><br>Deutsche Bank National Trust Company,<br><br>  Appellee.<br>_____ | Dist. Ct.  CV 12-1417-PHX-JAT<br>BK No.    2:10-bk-24724-RTB<br><br>**ORDER** |

Pending before the Court is the Debtors' motion for expedited stay pending appeal. Doc. 4. Specifically, the Debtors seek to have this Court stay the Bankruptcy Court's Order (BK Doc. 87) in which the Bankruptcy Court granted Appellee's motion to lift the automatic stay. In that Order, the Bankruptcy Court lifted the stay as it relates to a pending Trustee sale of the Debtors' residence. The Debtors claim the sale of their residence is scheduled for July 12, 2012. Doc. 4 at 1.

Whether to grant or deny a request for a stay is "an exercise of judicial discretion," the proprietary of which is "dependent upon the circumstances of the particular case." *Virginian R. Co. v. United States,* 272 U.S. 658, 672-73 (1926). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 672. "The party requesting

a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

In order for this Court to grant or deny a request for a stay, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first of two of these factors "are the most critical," and "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999)).

Prior to coming to this Court, the Debtors moved the Bankruptcy Court for a stay pending appeal. The Bankruptcy Court denied that request because the Court found that the Debtors had not shown any likelihood of success on appeal. BK Doc. 119.

In the motion to stay before this Court, the Debtors argue

> The "special endorsement" the bankruptcy court relied on to bootstrap [footnote omitted] "Deutsche Bank" into having standing was effectively nullified by our First Objections to its amended motion for relief from stay and by our first Judicial Notice. [footnote omitted] The "special endorsement" Judge Baum relied on was examined in our Objections' page 8 under the bold heading "FOURTH." As all can see we challenged it as unauthorized, unauthenticated alteration under Arizona law, and the lost note law should have been applied.

Doc. 4 at 3. The Debtors then conclude that the Bankruptcy Court lifting the automatic bankruptcy stay in this case was an abuse of discretion. *Id.* at 5.

In sum, the Debtors disagree with the Bankruptcy Judge's conclusion that the note was properly indorsed to Appellee. The Debtors then conclude that because the indorsement was defective, Appellee does not have standing to have a Trustee sale of the residence.

It appears that the Debtors argue that the indorsement was defective because it was on a copy of the note, rather than on the original note. *Id.* at 4. Other than their own argument, the Debtors offer no evidence that Appellee does not possess the original note. However, even if the Debtors' allegations are true, the Arizona Supreme Court has held that

- 2 -

1  a secured lender does not have to produce the original note to conduct a Trustee sale. *Hogan*
2  *v. Wash. Mut. Bank*, 277 P.3d 781, 782 ¶ 5 (Ariz. 2012) (rejecting the "show-me-the-note"
3  argument).
4        Thus, because the Debtors' only claim for relief fails, this Court agrees with the
5  Bankruptcy Court that the Debtors have not shown a likelihood of success on appeal.
6  Accordingly, under *Hilton*, their request for a stay of the Bankruptcy Court's order lifting the
7  automatic stay pending appeal will be denied.
8        Based on the foregoing,
9        **IT IS ORDERED** that the Debtors' motion for expedited stay pending appeal (Doc.
10  4) is denied.
11        DATED this 10th day of July, 2012.

James A. Teilborg
United States District Judge