**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John N. Bevell and Sean A. Bevell,<br><br>    Debtors.<br>_____<br><br>John N. Bevell and Sean A. Bevell,<br><br>    Appellants,<br><br>vs.<br><br>Deutsche Bank National Trust Company,<br><br>    Appellee.<br>_____ | Dist. Ct.  CV 12-1417-PHX-JAT<br>BK No.   2:10-bk-24724-RTB<br><br>**ORDER** |

On July 10, 2012, this Court issued the following Order:

> Pending before the Court is the Debtors' motion for expedited stay pending appeal. Doc. 4. Specifically, the Debtors seek to have this Court stay the Bankruptcy Court's Order (BK Doc. 87) in which the Bankruptcy Court granted Appellee's motion to lift the automatic stay. In that Order, the Bankruptcy Court lifted the stay as it relates to a pending Trustee sale of the Debtors' residence. The Debtors claim the sale of their residence is scheduled for July 12, 2012. Doc. 4 at 1.

> Whether to grant or deny a request for a stay is "an exercise of judicial discretion," the proprietary of which is "dependent upon the circumstances of the particular case." *Virginian R. Co. v. United States,* 272 U.S. 658, 672-73 (1926). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 672. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

> In order for this Court to grant or deny a request for a stay, the Court

must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first of two of these factors "are the most critical," and "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS,* 188 F.3d 703, 707 (7th Cir. 1999)).

Prior to coming to this Court, the Debtors moved the Bankruptcy Court for a stay pending appeal. The Bankruptcy Court denied that request because the Court found that the Debtors had not shown any likelihood of success on appeal. BK Doc. 119.

In the motion to stay before this Court, the Debtors argue
> The "special endorsement" the bankruptcy court relied on to bootstrap [footnote omitted] "Deutsche Bank" into having standing was effectively nullified by our First Objections to its amended motion for relief from stay and by our first Judicial Notice. [footnote omitted] The "special endorsement" Judge Baum relied on was examined in our Objections' page 8 under the bold heading "FOURTH." As all can see we challenged it as unauthorized, unauthenticated alteration under Arizona law, and the lost note law should have been applied.

Doc. 4 at 3. The Debtors then conclude that the Bankruptcy Court lifting the automatic bankruptcy stay in this case was an abuse of discretion. *Id.* at 5.

In sum, the Debtors disagree with the Bankruptcy Judge's conclusion that the note was properly indorsed to Appellee. The Debtors then conclude that because the indorsement was defective, Appellee does not have standing to have a Trustee sale of the residence.

It appears that the Debtors argue that the indorsement was defective because it was on a copy of the note, rather than on the original note. *Id.* at 4. Other than their own argument, the Debtors offer no evidence that Appellee does not possess the original note. However, even if the Debtors' allegations are true, the Arizona Supreme Court has held that a secured lender does not have to produce the original note to conduct a Trustee sale. *Hogan v. Wash. Mut. Bank*, 277 P.3d 781, 782 ¶ 5 (Ariz. 2012) (rejecting the "show-me-the-note" argument).

Thus, because the Debtors' only claim for relief fails, this Court agrees with the Bankruptcy Court that the Debtors have not shown a likelihood of success on appeal. Accordingly, under *Hilton*, their request for a stay of the Bankruptcy Court's order lifting the automatic stay pending appeal will be denied.

Based on the foregoing,

**IT IS ORDERED** that the Debtors' motion for expedited stay pending appeal (Doc. 4) is denied.

Doc. 6.

- 2 -

Appellants move to reconsider the July 10, 2012, Order arguing that this Court: (1) failed to consider any bankruptcy cases,[1] (2) failed to apply the law of negotiable instruments,[2] and (3) failed to read all of the Appellants' filings with the Bankruptcy Court, distill from those filings Appellants' arguments,[3] and discover the errors of the Bankruptcy Court in ruling on those arguments.[4] In their motion for reconsideration, Appellants still fail to actually make their arguments, but continue to direct this Court to go review the arguments made to the bankruptcy court.[5]

This Court has adopted the following test for reconsidering interlocutory orders:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision. No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

---

[1] "We point out here that *none* of the cases Judge Teilborg cited to slap down our motion for stay were bankruptcy cases." Doc. 7 at 3.

[2] "[O]ur Objection...was actually based on substantive Arizona law, including the 'Uniform Commercial Code — Negotiable Instruments....'" Doc. 7 at 3.

[3] "If Judge Teilborg had actually read and [*sic*] the parts of the record our Motion for Stay pointed him to, he would have seen we our [*sic*] Objection to the relieve [*sic*] Appellees from the stay was ...." Doc. 7 at 3.

[4] Notably, none of the record of the Bankruptcy Court has been filed with this Court. However, as the Court's prior Order shows, the Court on its own initiative logged into the Bankruptcy Court's docket and found and reviewed the relevant portions of the record.

[5] "Relief Requested - That this Court rehear and review its Order *de novo*, actually read our authorities and the record, then order a stay of the bankruptcy court's "Order Terminating Automatic Stay" pending final outcome of appeal ... ." Doc. 7 at 7.

1  Although Appellant's do not articulate any standard they are moving under, the Court
2  presumes they must be seeking relief for the fourth reason.  However, the Court finds
3  Appellants have failed to meet this prong because Appellants do nothing more than re-urge
4  their prior arguments.

5  Further, even if the Court were to again reach the merits of Appellants' arguments,
6  Appellants have failed to show they are entitled to a stay pending appeal.  For example,
7  Appellants contend that their arguments are based on substantive Arizona law, but
8  nonetheless complain that this Court failed to apply any bankruptcy law.  Regardless of this
9  inconsistency, the Arizona Supreme Court has applied the substantive Arizona law of deeds
10 of trust and trustee sales in the bankruptcy context and reached a conclusion that is consistent
11 with this Court's July 10, 2012, Order.[6]  *See In re Vasquez*, 266 P.3d 1053 (Ariz. 2011).

12 Next, considering Appellants' argument that they have a claim under the Arizona law
13 of Negotiable Instruments, *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012)
14 rejected their theory.  *Hogan* held, "The UCC does not government liens on real property.
15 [citation omitted.] The trust deed statutes do not require compliance with the UCC before a
16 trustee commences a non-judicial foreclosure [citation omitted]." *Id*.  Thus, Appellants UCC
17 claim also fails.

18 Finally, as indicated in footnote 4, the Court has reviewed the record and Appellants'
19 arguments and does not find Appellants are entitled to relief.  Accordingly,

20 **IT IS ORDERED** that the motion for reconsideration (Doc. 7) is denied.

21 / / /
22 / / /
23 / / /
24
25

---

26 [6] It is possible that Appellants are actually attempting to argue that the bankruptcy
law of secured creditors somehow completely trumps and/or preempts the Arizona non-
27 judicial foreclosure statutes.  However, because the Court cannot find that this argument was
ever presented to or ruled on by the bankruptcy court, nor presented clearly to this Court, the
28 Court is not reaching any claim in this regard.

**IT IS FURTHER ORDERED** that Appellants' request for judicial notice (Doc. 5) is denied.[7]

DATED this 26th day of July, 2012.

James A. Teilborg
United States District Judge

---

[7] Specifically, Appellants seek to have this Court consider objections that they filed with the bankruptcy court after that court ruled on the issues on appeal. The objections are irrelevant because they object to the transfer of this case from the Bankruptcy Appellate Panel to the District Court.